C. M. KNOTT AND J. J. LUNSFORD, *Plaintiffs in Error*, v.
T. W. RAMSEY, *Defendant in Error*.

Opinion Filed December 17, 1919.

In an action on a promissory note, purported pleas that the defendants "traverse the allegations in the plaintiff's declaration as to the amount and reasonableness of the amount of damages and attorney fees alleged, and claim the right to be present upon an enquiry of damages and attorney fees and contest the amount and reasonableness of the amounts," are not such pleas as are contemplated by Rule 33 of the Circuit Court Rules in Law Actions, which provides that "where a rule day occurs in term, and such rule day is the day upon which the defendant is held to file his plea or demurrer to the declaration, any issue of fact arising upon such plea shall not be heard during that term, unless by consent of parties, and it was not error to submit the cause to a jury as on a default, counsel for the defendants having due notice of the action taken, and could have been present if so desired.

A Writ of Error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment affirmed.

*Lunsford & Whitaker*, for Plaintiff in Error;

*E. B. Drumright*, for Defendant in Error.

WHITFIELD, J.—Ramsey brought action on a promissory note executed by C. M. Knott and J. J. Lunsford. A demurrer to the declaration was sustained and to an amended declaration the defendants, on December 2, 1918, during a term of the court, filed the following:

"Now come the defendants in the above stated cause by their attorneys, Lunsford & Whitaker, and for a first plea to the plaintiff's declaration, traverse the allegations in the plaintiff's declaration as to the amount and reasonableness of the amount of damages alleged therein to have been sustained by the plaintiff, and claim the right to be present upon an inquiry of damages and contest the amount and reasonableness of the amount of damages claimed by the plaintiff in said cause.

"And for a second plea, defendants say that the amount of $100.00 claimed by plaintiff to have been incurred by him as a reasonable attorney's fee for the plaintiff's attorney by whom this suit is brought for his services in said behalf, is excessive, unreasonable, and unjust in amount for said services, and claim the right to be present upon an inquiry of damages, and contest the amount and reasonableness of the amount of damages claimed by the plaintiff in said behalf."

On December 20, 1918, the cause was submitted to a jury who found for the plaintiff, upon which finding judgment was rendered. In denying a motion for new trial the court made the following order:

"This cause having come on to be heard upon motion for new trial in this cause filed by the defendants and the same was duly considered by the court and argument of counsel heard, and affidavit in support of said motion and counter affidavit filed in this cause, and the court being of the opinion that the papers filed in this cause by the defendants are not pleas to the merits of the cause nor make up any issue to be tried by the court but amount in substance merely to a demand for notice of trial, and the said defendants' counsel having been present in court on the 16th day of December, 1918, at

which time the said cause was set for trial and for assessment of damages on the 20th day of December, 1918, in the presence of such counsel, and that the said defendants were duly charged with notice of the trial of said cause upon the 20th day of December, 1918, and that full opportunity has been given to the said defendants to be heard herein.

"It is thereupon considered, ordered and adjudged by the court that the said motion for new trial be and the same is hereby denied."

On writ of error the defendants below contend that Rule 33 of the Circuit Court Rules in Law Actions was violated in disposing of the merits of the case during the term at which the pleas were filed without consent of the parties.

The rule is as follows: "In case a rule day shall occur during a term, like proceedings may be had in the matter of entering defaults, and judgments by defaults, in the clerk's office as upon other rule days. Where a rule day occurs in term, and such rule day is the day upon which the defendant is held to file his plea or demurrer to the declaration, any issue of fact arising upon such plea shall not be heard during that term, unless by consent of parties. If, however, a demurrer is interposed by either party in term, such demurrer may be heard and disposed of during the term, in the discretion of the court."

The so-called pleas above set out were properly construed by the Court and are not such pleas as are contemplated by the quoted rule. There was no error in submitting the cause to a jury as on a default, counsel

for the defendants having due notice of the action taken, and could have been present if they so desired.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.